GEORGE K. PRICE *et al.*, Plaintiffs-Appellants, v. FCC NATIONAL BANK, Defendant-Appellee.

First District (5th Division)   No. 1—95—4210

Opinion filed November 22, 1996.—Rehearing denied December 30, 1996.

Susman, Buehler & Watkins (Arthur T. Susman and Timothy J. Storn, of counsel), and Aaron S. Wolff, both of Chicago, for appellants.

Lynn A. Goldstein and John C. Simons, both of Chicago, for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs George K. Price and Harry Schuman appeal from the dismissal of their action alleging violation of the Illinois Credit Card Issuance Act (815 ILCS 140/6 (West 1994)), breach of contract and common law fraud against FCC National Bank (FCC). We affirm.

FCC offers Visa and Mastercard bank credit cards under the name "First Card." Plaintiffs maintain bank credit cards with FCC. The privileges and obligations of holding a First Card are set forth in

the cardholder agreement (agreement). Prior to April 1, 1991, the agreement provided that all cardholders had a "grace period" of 25 days after receipt of a billing statement to pay an outstanding balance without incurring a finance charge. On April 1, 1991, the agreement was amended to provide that a finance charge would accrue unless payment was made on or before the "payment due date" printed on the billing statement. The grace period was the time between the billing date and the payment due date.

FCC breaks its cardholders into two groups: cardholders who have paid their previous month's balance in full, which is the group plaintiffs seek to represent; and (2) cardholders who have not paid the total amount due on their bill. For those in category one, previous month full payers, FCC inserts a payment due date on their next monthly billing statement that is 20 days from the statement's billing date. However, FCC does not assess finance charges against any customer who pays his balance within 25 days after the billing date. For those in category two, those who have run a balance on their previous month's bill, FCC sets due dates on these cardholders' statements that are 25 days from the billing date, but because these cardholders have not paid their previous month's balance in full, they are assessed finance charges until that balance is paid in full.

Plaintiffs originally filed suit on March 30, 1992, in federal court, claiming that FCC's practice of inserting a payment due date of 20 days after the billing date but not charging finance charges until 25 days after the billing date violated the Truth in Lending Act. 15 U.S.C. §§ 1601 through 1693 (1988). Plaintiffs' suit also alleged that this practice violated the Illinois Credit Card Issuance Act (815 ILCS 140/6 (West 1994)), was a breach of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 (West 1994)), and a breach of contract. Plaintiffs also sought class certification. The district court dismissed plaintiffs' complaint, finding that FCC's grace period was authorized by the disclosure requirements of the Truth in Lending Act. *Price v. FCC National Bank*, 92 C 2164 (N.D. Ill. 1992). The court declined to exercise jurisdiction over plaintiffs' state claims. The seventh circuit affirmed. *Price v. FCC National Bank*, 4 F.3d 472 (7th Cir. 1993).

Plaintiffs then brought suit in state court alleging violation of the Illinois Credit Card Issuance Act, breach of contract and common law fraud. Defendant moved to dismiss plaintiffs' complaint pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 1994). The trial court granted defendant's motion to dismiss, finding that plaintiffs' claim alleging violation of the Credit Card Issuance Act failed to state a claim since the agreement provides that

Delaware law would apply, and plaintiffs' breach of contract and fraud claims fail to state claims since plaintiffs have not been damaged. Plaintiffs appeal.

■ Plaintiffs' complaint alleges the defendant violated section 6 of the Credit Card Issuance Act, which states, in pertinent part:

"§ 6. Disclosure to applicants.

(a) Except as provided in Section 25 of the Retail Installment Sales Act, relating to sellers or holders under a retail charge agreement and in subsection (c), a credit card issuer shall disclose, either on an application for a credit card or on literature accompanying the application, on or with any credit card account solicitation, and on each periodic billing statement mailed to a card holder, the following:

\* \* \*

(3) the grace period, which is defined as the period within which any credit extended under such credit plan must be repaid to avoid incurring an interest charge represented in terms of an annual percentage rate of interest, and if no such period is offered such fact shall be clearly stated." 815 ILCS 140/6 (West 1994).

Plaintiffs contend that defendant violated section 6 of the Credit Card Issuance Act, as well as committed common law fraud and breach of contract, when it represented, by means of a false payment due date, a period that is shorter than the period within which any credit extended must be repaid to avoid incurring an interest charge.

■ Credit card disclosure requirements are also addressed in the federal Truth in Lending Act, which requires credit card issuers to disclose in each periodic billing statement:

"[t]he day by which or the period (if any) within which payment must be made to avoid additional finance charges, except that the creditor may, at his election and without disclosure, impose no such additional finance charge if payment is received after such date or expiration of such period." 15 U.S.C. § 1637(b)(9) (1988).

Defendant urges us to uphold the trial court's dismissal of plaintiffs' action on the basis that the federal court has determined that defendant has complied with the federal Truth in Lending Act and, according to defendant, compliance with the Truth in Lending Act is complete compliance with Illinois law. Defendant claims that the court in *Lanier v. Associates Finance, Inc.*, 114 Ill. 2d 1, 499 N.E.2d 440 (1986), determined that compliance with the Truth in Lending Act is compliance with the Illinois Credit Card Issuance Act. The court in *Lanier* actually determined that compliance with the federal Truth in Lending Act is a defense to liability under the Illinois Consumer Fraud Act. The court also noted that the disclosure

requirements of certain Illinois consumer credit statutes are met by compliance with the federal Truth in Lending Act. The consumer credit statutes referred to by the court were the Consumer Installment Loan Act (Ill. Rev. Stat. 1981, ch. 17, par. 5420), "An Act in relation to the *** rates of interest" (Ill. Rev. Stat. 1981, ch. 17, par. 5410), the Retail Installment Sales Act (Ill. Rev. Stat. 1981, ch. 121¹/₂, par. 505), and the Motor Vehicle Retail Installment Sales Act (Ill. Rev. Stat. 1981, ch. 121¹/₂, par. 565). Each of these statutes specifically states that compliance with the Truth in Lending Act is compliance with the Illinois statute. The court in *Lanier* stated that "we perceive in the disclosure provisions of Illinois' consumer credit statutes a consistent policy against extending disclosure requirements under Illinois law beyond those mandated by the Truth in Lending Act, in situations where both the Act and the Illinois statutes apply." *Lanier*, 114 Ill. 2d at 17.

Section 10b(1) of the Consumer Fraud Act provides that the Consumer Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." 815 ILCS 505/10b(1) (West 1994). The *Lanier* court determined that this section of the Consumer Fraud Act also provides that compliance with the Truth in Lending Act is compliance with the Illinois Consumer Fraud Act. *Lanier* did not, however, address whether compliance with the federal Truth in Lending Act is compliance with the statute at issue here, the Illinois Credit Card Issuance Act.

■ We do address this issue and find that compliance with the federal Truth in Lending Act is indeed compliance with the Illinois Credit Card Issuance Act. When plaintiffs here filed their original complaint in 1993, the Illinois Credit Card Issuance Act provided, in pertinent part:

> "If a credit card issuer, as required pursuant to federal law, makes disclosures of all information required to be disclosed under subsection (a) of Section 6 of this Act in connection with *** periodic billing statements, the credit card issuer shall be deemed to have complied with the requirements of subsection (a) of Section 6 of this Act." 815 ILCS 140/9 (West 1992).

In 1994, prior to the filing of plaintiffs' amended complaint, the Illinois Credit Card Issuance Act had been amended to state, in pertinent part:

> "A credit card issuer who complies with or is exempt from the applicable disclosure requirements of the Truth in Lending Act and the regulations promulgated under that Act shall be deemed to be in compliance with or exempt from all provisions of subsection (a) of Section 6 of this Act." 815 ILCS 140/9(c) (West 1994).

The parties disagree as to whether the former statute or the amended statute. is applicable to this case. We find it unnecessary to determine whether one statute or the other applies, since the amended statute did not change the law but merely clarified the law. See *Friedman v. Krupp Corp.*, 282 Ill. App. 3d 436 (1996); *Hyatt Corp. v. Sweet*, 230 Ill. App. 3d 423, 594 N.E.2d 1243 (1992). The former statute provided that a credit card issuer that makes the disclosures required by federal law complies with the disclosure requirements of section 6 of the credit card act. The amended version specifically states that compliance with the Truth in Lending Act is compliance with the disclosure requirements of section 6 the Credit Card Issuance Act. Thus, regardless of which statute applies, the fact that defendant's disclosure of the grace period complies with the Truth in Lending Act automatically means defendant's disclosure is in compliance with the Illinois Credit Card Issuance Act. Plaintiffs' claim based on the Credit Card Issuance Act was therefore properly dismissed.

We also find that because defendant has complied with the federal Truth in Lending Act, plaintiffs cannot state a claim for either common law fraud or breach of contract. The court in *Lanier* found that a disclosure in compliance with the Truth in Lending Act could not state a claim for common law fraud. The court reasoned that to hold otherwise would put a creditor in the anomalous position of being guilty of common law misrepresentation by specifically complying with the mandates of the federal Truth in Lending Act. *Lanier*, 114 Ill. 2d at 10-11. We reach the same conclusion here and also hold that, because defendant complied with the federal law, it could not have breached its contract with plaintiffs.

Accordingly, because defendant's disclosure of the grace period complied with the federal Truth in Lending Act, and compliance with that act is compliance with Illinois law, plaintiffs' complaint was properly dismissed for failure to state a claim.

Affirmed.

COUSINS and HOURIHANE, JJ., concur.